UNITED STATE DISTRICT COURT
DISTRICT OF MINNESOTA

Court File No. 00-311 PAM/SRN

Michael Eason,

Plaintiff,

v.

**STIPULATION**
AND ORDER

The Anoka-Hennepin East Metro Narcotics & Violent Crimes Task Force,

Defendant.

WHEREAS, the parties to this action, by and through their respective counsel, hereby wish to enter into a series of stipulations that are designed to narrow the issues in this case; and

WHEREAS, the Defendant Anoka-Hennepin East Metro Narcotics & Violent Crimes Task Force acknowledges that individual law enforcement officers under its direction and control were involved in the arrest of the Plaintiff Michael Eason on or about February 11, 1998; and

WHEREAS, the parties have been unable to pinpoint which specific law enforcement officers were involved in the actual handcuffing or other contact of Plaintiff Michael Eason; and

WHEREAS, the specific officer involved in the transport of Michael Eason has been identified but was also under the jurisdiction, direction and control of the Anoka-Hennepin East Metro Narcotics & Violent Crimes Task Force; and

MAY 17 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

WHEREAS, the Anoka-Hennepin East Metro Narcotics & Violent Crimes Task Force has in place a covenant of coverage through the League of Minnesota Cities Insurance Trust (LMCIT) that provides coverage for the individual officers under the direction and control of the Task Force that may have been involved in the arrest and transport of Plaintiff Michael Eason; and

WHEREAS, rather than spend trial time on the issue of identification of the particular officers who were involved in the arrest and transport of Michael Eason on February 11, 1998, the Anoka-Hennepin East Metro Narcotics & Violent Crimes Task Force admits and acknowledges that officers under its direction and control were so involved.

Therefore, the parties hereby wish to enter into the following stipulations:

1. That one or more officers under the direction and control of the Anoka-Hennepin East Metro Narcotics & Violent Crimes Task Force placed handcuffs on the Plaintiff Michael Eason and was involved in the transport of Plaintiff Michael Eason on February 11, 1998.

2. That the Anoka-Hennepin East Metro Narcotics & Violent Crimes Task Force and the LMCIT hereby stipulate that they will accept any liability found by the jury against the unknown individual officers to the same extent that the individual officer may be held liable under applicable law pursuant to the claims in this lawsuit, to the extent of coverage available under the covenant of coverage between the Task Force and the LMCIT.

3. That to the extent that the Anoka-Hennepin East Metro Narcotics & Violent Crimes Task Force and the LMCIT are admitting and acknowledging direct responsibility for any liability which may be found against the individual officers, both known and unknown, it is agreed and stipulated that to the extent any defenses exist for the individual officers those same defenses shall inure to the benefit of the Anoka-Hennepin East Metro Narcotics & Violent Crimes Task Force and the LMCIT. Specifically, nothing in this Stipulation is intended to waive the defenses of qualified immunity and/or official immunity. This stipulation in no way impacts the immunity defenses raised in the Defendants' pending motion for summary judgment. If the Court determines the individual officers would be entitled to immunity, this matter shall be dismissed with prejudice.

4. That the Anoka-Hennepin East Metro Narcotics & Violent Crimes Task Force and the LMCIT may not raise as a defense and hereby affirmatively waive any claim that their only potential liability is vicarious in this situation, because they are stipulating and agreeing that they will accept direct responsibility to the extent any claims are established against individual officers, both known and unknown.

5. That the Anoka-Hennepin East Metro Narcotics & Violent Crimes Task Force and the LMCIT hereby waive any defense or argument that the lack of identification of the specific officers involved in this case precludes a finding of liability for the acts complained of by Plaintiff, and further waive any defense based upon service of process and/or jurisdiction. Service of process and jurisdiction are admitted

and stipulated to by the Anoka-Hennepin East Metro Narcotics & Violent Crimes Task Force and the LMCIT.

6. That the caption of this case shall be amended to read as indicated in the caption of this Stipulation.

HARPER & PETERSON, P.L.L.C.

Dated: 5-16-02

Paul D. Peterson (ID #203919)
*Attorneys for Plaintiff*
6043 Hudson Road, Suite 370
Woodbury, MN 55125
Telephone: 651-738-8539

MARGULIES & RICHMAN

Dated: 5/16/02

Joseph Margulies (ID #208528)
*Attorneys for Plaintiff*
2520 Park Avenue South
Minneapolis, MN 55404
Telephone: 612-872-4900

DATED: 5/16/02

IVERSON REUVERS, LLC

By:
Paul D. Reuvers (MN I.D. #217700)
*Attorneys for Defendants Anoka-Hennepin East Metro Narcotics & Violent Crimes Task Force*
230 Townline Plaza
8585 W. 78th Street
Bloomington, MN 55438
Telephone: 952-548-7210

## ORDER

Based on the foregoing Stipulation, the case caption shall be amended and the case shall proceed pursuant to the Stipulation of the Parties.

Dated: May 16, 2002

Paul A. Magnuson
Judge of District Court