UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael Eason,

Plaintiff,

v.

The Anoka-Hennepin East Metro Narcotics & Violent Crimes Task Force,

Defendant.

Civ. File No. 00-311 (PAM/RLE)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on various Motions in Limine filed by both parties.

**BACKGROUND**

In brief, this case arises from Plaintiff Michael Eason's allegation that police officers working under the direction of Defendant Anoka-Hennepin East Metro Narcotics & Violent Crimes Task Force (the "Task Force")[1] used unreasonable and excessive force by handcuffing him behind his back despite his requests to be handcuffed in front of his body. Eason asserts that the Task Force officers' conduct aggravated a preexisting medical condition. At the summary judgment stage of this litigation, Court determined that, in order to comply with the strictures of the Fourth Amendment, officers must take note of a

---

[1] Eason originally filed this action against the individual officers involved in the incident, the Task Force, and a number of municipal entities. The parties have stipulated that the Task Force will substitute itself for the remaining Defendants. May 16, 2002, Stipulation and Order at 3. According to the agreement of the parties, the Task Force is subject to liability for acts of the individual officers who may have violated Eason's constitutional or state-law rights. Concomitantly, the Task Force may avail itself of any defenses available to the individual officers.

JUL 22 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

suspect's preexisting injury, at least when there is some objective manifestation of the injury, and make some effort to accommodate the injury, provided the circumstances permit such an accommodation. In this case, the Court ruled that there are genuine issues of material fact regarding whether Eason's multiple warnings about his preexisting injury combined with the physical difficulty of moving Eason's arms behind his back for cuffing suffices to have put the officers on notice of Eason's fragile condition. Additionally, the Court ruled that there are genuine issues of material fact regarding whether the officers could have made accommodation for Eason's preexisting injury under the circumstances of this particular arrest. Accordingly, the Court denied in part the Task Force's motion for summary judgment.

Eason now seeks to have the Court exclude all evidence regarding his alleged association with the "Hell's Angels Motorcycle Club" as well as any suggestion that he may have been involved in the illegal distribution of narcotics. Similarly, Eason wants the Court to exclude evidence related to the investigation that the Task Force conducted prior to this incident, including evidence related to the search warrants used by the Task Force to search Eason's home. In addition, Eason seeks to exclude evidence related to his booking, any evidence that he was once charged with domestic disturbance, and any evidence regarding his prior conviction for two misdemeanors. Finally, Eason asks the Court to exclude, in whole or in part, the testimony of a number of potential witnesses, including two expert witnesses.

The Task Force, on the other hand, asks the Court to exclude any evidence that Eason was not charged with criminal conduct related to this incident and any evidence related to prior complaints made against, or disciplinary action taken against, the officers involved in this matter.

**DISCUSSION**

**A. Eason's Motions**

**1. <u>Evidence Related to Eason's Alleged Involvement with the Hell's Angels, Drug Trafficking, and the Task Force's Investigation</u>**

Distilling Eason's argument, he contends that any reference to his alleged nefarious conduct is irrelevant to the central issue in this case, would unfairly prejudice or inflame the jury, and would confuse the issues. Fed. R. Evid. 402, 403. The Task Force persuasively responds that the information possessed by the officers at the time of Eason's arrest is highly relevant to determining whether the officers were acting reasonably under the circumstances.

In general terms, the Court agrees with the Task Force that the information possessed by the officers at the time of Eason's arrest is relevant. Accordingly, Eason's Motions are denied insofar as they seek to exclude evidence about his alleged involvement with the Hell's Angels, drug trafficking, or the information garnered from the Task Force's investigation of Eason prior to his arrest. During the course of the trial, however, the Court may determine that particular evidence gathered from the Task Force's investigation of Eason is either too attenuated from the circumstances surrounding his arrest to be admitted or is too prejudicial to be admitted.

**2. Evidence Related to Eason's Booking and Prior Charges and Convictions**

Eason next asks the Court to exclude evidence related to his booking at the police station and his prior charges and convictions. Specifically, he contends that the Court should exclude a booking photograph and several booking forms because these items have no relevance to this case and would be highly prejudicial. Likewise, he argues that any evidence relating to his prior jailings, charges, and convictions should be excluded because these events happened nearly 20 years ago, are irrelevant to the instant case, would be highly prejudicial, and are inadmissable under Fed. R. Evid. 609, 608(b), and 404(b). The Court agrees and therefore grants Eason's Motion to the extent that it seeks to exclude such evidence.

**3. Witnesses and Expert Testimony**

Eason argues that Officer Dennis Preston should not be allowed to testify because he was only involved in the search of Eason's home and has no first hand knowledge of what happened during Eason's arrest. Similarly, Eason contends that Officer Bob Trussler, as well as the DEA agents involved in the arrest and search of Eason's home, should not be allowed to testify to the extent that they were not present at Eason's arrest. Additionally, Eason claims that Officer Trussler and the DEA agents were not properly disclosed and that Eason, therefore, did not have an adequate opportunity to prepare for their testimony.

The Court has already determined that evidence related to the Task Force officers' investigation of Eason is potentially relevant to what the officers arresting Eason knew. To

the extent that the officers searching Eason's home communicated with the officers arresting Eason, the results of their search may be relevant. Accordingly, at this preliminary stage, Eason's request to exclude evidence related to the fruits of this search, including the testimony of officers involved in the search, is denied without prejudice. To the extent that Eason believes that any potential witnesses were not properly disclosed, the Court will entertain further argument by the parties about the admissibility of these witnesses' testimony.

Finally, Eason argues that Defendant's experts Dr. David A. Berman and Donald S. Peterson should be prohibited from testifying because they are not qualified to render expert opinions on the subjects at issue. Dr. Berman is being called to testify about sternal dehiscence, the factors which cause this condition, and the symptoms that one would expect to experience if one were suffering from it. According to Eason, however, because Dr. Berman's practice does not include the surgical treatment of patients, he is not qualified to testify about the cause of Eason's sternal dehiscence. Similarly, according to Eason, Donald Peterson, who is being called to testify about proper law enforcement procedures, should not be allowed to testify about whether handcuffing Eason behind his back was likely the cause of Eason's sternal injury or whether reasonable officers could have believed that their actions did not violate Eason's clearly established statutory or constitutional rights when they handcuffed Eason behind his back.

The Court agrees that Donald Peterson may not testify as to a legal conclusion that contradicts the law of the case as established by the Court. In all other respects, however,

the Court finds that Defendant's experts are qualified to render an expert opinion in this matter. Eason is, of course, free to challenge the weight that the jury should accord to their testimony through cross-examination and through the proffering of competing expert testimony.

**B. The Task Force's Motions**

**1. <u>Decision not to Seek Criminal Charges Against Eason</u>**

According to the Task Force, the fact that the United States Attorney's Office did not seek criminal charges against Eason for any conduct related to the events of this case is not relevant to any of Eason's claims and would, in any event, confuse the jury. The Court disagrees. Although the Court will not permit the parties to try all of the potential collateral matters that could be raised in this case, it is important that Eason be able to put the information possessed by the Task Force prior to Eason's arrest into context.

**2. <u>Prior Disciplinary Complaints or Actions</u>**

The Task Force also argues that the Court should exclude any evidence related to prior complaints of or disciplinary actions for excessive force by officers involved in Eason's arrest. According to the Task Force, such evidence is impermissible because it would be nothing but an attempt to show that the officers had a propensity to use excessive force in violation of Fed. R. Evid. 404(b). The Court agrees and therefore excludes any such evidence.

**CONCLUSION**

For the foregoing reasons, and upon all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motions in Limine (Clerk Doc. Nos. 48, 49, 50) are **GRANTED in part** and **DENIED in part** as follows:

   a. Eason's Motions are **DENIED without prejudice** insofar as they seek to exclude evidence about his alleged involvement with the Hell's Angels, drug trafficking, or the information garnered from the Task Force's investigation of Eason prior to his arrest;

   b. Eason's Motions to exclude evidence related to his booking at the police station and his prior charges and convictions are **GRANTED;**

   c. Eason's Motions to exclude evidence related to the fruits of the search of his house, including the testimony of officers involved in the search, is **DENIED without prejudice**;

   d. Eason's Motions to exclude the testimony of Defendant's expert witnesses is **GRANTED in part and DENIED in part**. Specifically, Donald Peterson may not testify as to a legal conclusion that contradicts the law of the case as established by the Court; however, in all other respects, both experts are qualified to render an expert opinion in this matter; and

2. Defendant's Motion in Limine (Clerk Doc. No. 47) is **GRANTED in part** and **DENIED in part** as follows:

a. The Task Force's Motion is **DENIED** insofar as it seeks to exclude evidence that Eason was never charged with criminal conduct related to the events at issue in this case; and

b. The Task Force's Motion is **GRANTED** insofar as it seeks to exclude evidence related to prior complaints of or disciplinary actions for excessive force by officers involved in Eason's arrest.

Dated: July 22, 2002

Paul A. Magnuson
United States District Court Judge